AO 106 (Rev. 04/10) Application for a Search Warrant

RG for Hugh B Smith

# UNITED STATES DISTRICT COURT
for the
Southern District of California

FILED
FEB 0 8 2018
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

APPLE IPHONE
FCC ID: BCG-E2644A
IMEI: 013788009317616

Case No. '18MJ8257

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A (Incorporated herein)

located in the ___Southern___ District of ___California___, there is now concealed *(identify the person or describe the property to be seized):*

See Attachment B (Incorporated herein)

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 31 USC 5332 | Bulk cash smuggling into or out of the United States. |

The application is based on these facts:

See attached Affidavit.

- ☐ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

HSI Special Agent Andre Parisella
*Printed name and title*

Sworn to before me and signed in my presence.

Date: FEBRUARY 8, 2018 @ 9:00 a.m.

*Judge's signature*

City and state: EL CENTRO, CA

HON. PETER C. LEWIS, US MAGISTRATE JUDGE
*Printed name and title*

## **ATTACHMENT A-1**
PROPERTY TO BE SEARCHED

The following property is to be searched:

Target Device #1
CELLULAR TELEPHONE
APPLE IPHONE
FCC ID: BCG-E2644A
IMEI: 013788009317616
IC: 579C-E2644b




Currently in the possession of the Department of Homeland Security, Homeland Security Investigations, which is located at 2051 North Waterman Avenue, El Centro CA 92243.

# **ATTACHMENT B-1**

## ITEMS TO BE SEIZED

Authorization to search the **Target Devices** described in Attachment A includes the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the **Target Devices** for evidence described below. The seizure and search of the **Target Devices** shall follow the search methodology described in the affidavit submitted in support of the warrant.

The evidence to be seized from the **Target Devices** will be electronic records, communications, and data such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data:

a. tending to indicate efforts to import/export bulk cash between Mexico and the United States.

b. tending to identify accounts, facilities, storage devices, and/or services– such as email addresses, IP addresses, and phone numbers–used to facilitate bulk cash smuggling or money laundering efforts between Mexico and the United States;

c. tending to identify coconspirators, criminal associates, or others involved in bulk cash smuggling or money laundering between Mexico and the United States;

d. tending to identify travel to or presence at locations involved in bulk cash smuggling and money laundering between Mexico and the United States;

e. tending to identify the user of, or persons with control over or access to, the subject telephone; and/or

f. tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above;

which are evidence of violations of Title 31, United States Code, Sections 5332.

# AFFIDAVIT

I, Andre Parisella, being duly sworn, hereby state as follows:

## INTRODUCTION

1. This affidavit supports an application for a warrant to search the following electronic devices (collectively the "**Target Devices**"):

    a. **Target Device #1**
    CELLULAR TELEPHONE
    APPLE IPHONE
    FCC ID: BCG-E2644A
    IMEI: 013788009317616
    IC: 579C-E2644b

    b. **Target Device #2**
    CELLULAR TELEPHONE
    BLACK IN COLOR
    Freetel / Telcel

    c. **Target Device #3**
    CELLULAR TELEPHONE
    CAT MODEL S60
    IMEI #1: 358137072135807
    IMEI #2: 358137072135815
    SN: S601701000291
    Telcel Sim Card: 8952020316
    H6
    510611874F

as described in Attachments A-1 thru A-3, and seize evidence of crimes, specifically, violations of Title 31 United States Code Section 5332, Bulk Cash Smuggling into or out of the United States. This search supports an investigation and prosecution of Luis Arturo GARCIA-Retamoza for the crime mentioned above. A factual explanation supporting probable cause follows.

2. The **Target Devices** were seized on or about January 14, 2018 from GARCIA after he was arrested at the Calexico West Port of Entry driving a 2016 Red Nissan Juke

1

with approximately $269,857.00 in U.S. currency hidden underneath the vehicle's seats. GARCIA did not declare the currency per required by federal law. The **Target Devices** are currently in the possession of the Department of Homeland Security, Homeland Security Investigations, which is located at 2051 North Waterman Avenue, El Centro CA 92243.

3. Based on the information below, there is probable cause to believe that a search of the **Target Devices** will produce evidence of the aforementioned crime, as described in Attachment B.

4. The information contained in this affidavit is based upon my experience and training and consultation with other federal, state, and local law enforcement agents. The evidence and information contained herein was developed from my personal investigation of this matter and my review of documents and evidence related to this case. Because this affidavit is made for the limited purpose of obtaining a search warrant for the **Target Devices**, it does not contain all of the information known by me or other federal agents regarding this investigation. Instead, it contains only those facts necessary to establish probable cause.

## EXPERIENCE AND TRAINING

5. I am a Special Agent (SA) with the Department of Homeland Security, United States Immigration and Customs Enforcement (ICE)/Homeland Security Investigations (HSI), and have been so employed since September 2016. As a HSI Special Agent, I am an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7). As such, I am empowered to conduct investigations of, and to make arrests for, offenses enumerated in 18 U.S.C. § 2516.

6. I am currently assigned to the HSI Office of the Assistant Special Agent in Charge, Financial/Fraud/Cyber/CPI, in El Centro, California. I have attended the Federal Law Enforcement Training Center, successfully completing the Federal Law Enforcement Basic Training Academy, Criminal Investigator Training Program (CITP) as well as the Homeland Security Investigator Special Agent Training Program

(HSISAT). I also attended West Chester University of Pennsylvania for my Bachelor's degree in Mathematics Education. I further went on to Arcadia University for my Masters in Education in Mathematics Education. I have several years of experience as a police officer for two municipal and city police departments. As a police officer I enforced criminal and traffic laws and I investigated crimes of violence as well as property crime.

7. I have also consulted with agents, training instructors and worked with other law enforcement officers who have investigated bulk cash smuggling. During my experience in law enforcement, I have had training in other types of smuggling operations including narcotics and money laundering investigations. I have also spoken with Agents, as well as other law enforcement officers about their experiences, and the results of their investigations and interviews. I have become knowledgeable of the methods and modes of smuggling operations. I know that certain types of smuggling operations often require the use of one or more telephones to negotiate times, places, schemes and manners for importing, possessing, concealing, manufacturing, and distributing goods or money.

8. I am familiar with the facts and circumstances of this investigation because of my participation in this investigation and reports made to me by other law enforcement officers involved with this investigation. As a federal agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States. I have previous experience writing search and arrest warrants as a law enforcement officer.

9. Based on my training as a law enforcement officer, I am familiar with the ways in which money launderers amid bulk cash smugglers conduct their business. Indeed, during the course of my duties I have (1) worked as a case agent, directing specific bulk cash-related investigations; (2) worked as a surveillance agent who observed and recorded movements of individuals suspected of bulk cash smuggling; (3) participated in the execution of search warrants related to financial investigations; (4) interviewed criminal

defendants, witnesses, and informants in furtherance of investigations into the illegal smuggling of bulk cash out of the United States. Through these duties, I have gained a working knowledge and insight into the operational habits of bulk cash smugglers.

    10. Based upon my training and experience and consultations with law enforcement officers experienced in bulk cash smuggling and money laundering investigations, and all the facts and opinions set forth in this affidavit, I submit the following:

    a. Money launderers and currency traffickers will use cellular/mobile telephones because they are mobile and they have instant access to telephone calls, text, web, and voice messages;

    b. Money launderers and currency traffickers will use cellular/mobile telephones because they are able to actively monitor the progress of their illegal cargo while the conveyance is in transit;

    c. Money launderers and currency traffickers and their coconspirators will use cellular/mobile telephones because they can easily arrange and/or determine what time their illegal cargo will arrive at predetermined locations;

    d. Money launderers and currency traffickers will use cellular/mobile telephones to direct drivers to synchronize an exact drop off and/or pick up time of their bulk cash currency;

    e. Money launderers and currency traffickers will use cellular/mobile telephones to notify or warn their coconspirators of law enforcement activity to include the presence and posture of marked and unmarked units as well as the operational status of checkpoints and border crossings; and

    f. Money Launderers and currency traffickers and their coconspirators often use cellular/mobile telephones to communicate with load drivers who transport their money and/or proceeds.

    11. Based upon my training, experience and consultations with law enforcement officers experienced in bulk cash smuggling and money laundering investigations, and all the facts and opinions set forth in this affidavit, I know that cellular/mobile telephones can and often do contain electronic records, phone logs and contacts, voice and text

4

communications, and data such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data. This information can be stored within disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the cellular/mobile telephone. Specifically, I know based upon my training, education, and experience investigating bulk cash smuggling and money laundering conspiracies that searches of cellular/mobile telephones yields evidence:

a. tending to indicate efforts to import or export US Currency between the United States and Mexico without declaring to customs.

b. tending to identify accounts, facilities, storage devices, and/or services—such as email addresses, IP addresses, and phone numbers—used to facilitate the importation or exportation of US Currency between Mexico and United States.

c. tending to identify coconspirators, criminal associates, or others involved in importation or exportation of US Currency between Mexico and United States.

d. tending to identify travel to or presence at locations involved in the importation or exportation of US Currency between Mexico and the United States such as stash houses, load houses, or delivery points;

e. tending to identify the user of, or persons with control over or access to, the subject telephone; and/or

f. tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above.

12. Based on my training and experience, and conversations with other law enforcement officers who investigate bulk cash smuggling and money laundering, I know that bulk cash smugglers often require detailed and intricate planning to successfully evade detection. Consequently, bulk cash smugglers often involve planning and coordination for several months—this planning often occurs through

5

mobile telephones. Additionally, based on my training and experience, and conversations with other law enforcement officers who investigate bulk cash smuggling and money laundering, I know that coconspirators are often unaware when a fellow coconspirator has been arrested and will attempt to communicate with that coconspirator via mobile telephone after his or her arrest to determine the whereabouts of money that is being transported.

## FACTS SUPPORTING PROBABLE CAUSE

13. On January 14, 2018, at approximately 4:00 p.m., Customs and Border Protection Officers (CBPO) were conducting an outbound vehicle operation at the Calexico, California West Port of Entry when they encountered Luis Arturo GARCIA-Retamoza (GARCIA) attempting to enter into Mexicali, Baja California, Mexico, in a red 2016 Nissan Juke(Nissan) bearing Baja California license plate #ALE1140.

14. Customs and Border Protection officer (CBPO) H. Flores obtained a negative outbound declaration from GARCIA. While conducting outbound operations the Canine Enforcement Officer (CEO) and their canine alerted to the red Nissan. The vehicle was escorted to the vehicle secondary lot. GARCIA was taken to the vehicle secondary office for a pat down by CBPO H Lopez. GARCIA claimed that he was coming from Anaheim after staying at the Motel 6 in Anaheim. GARCIA claimed that he went to go buy fishing equipment for fishing in Mazaltan, Sinaloa. GARCIA is a Visa B1,B2 Border Crosser and was in possession of a border crossing card.

15. A further inspection of GARCIA's vehicle revealed several bundles of money wrapped in plastic wrappings underneath the front seats. A total count was conducted by CBPO's at the Calexico West Port of Entry. The count yielded a total of $269,857.00 dollars in U.S. currency was recovered from the Nissan and GARCIA's person. The U.S. Currency was turned over to Seized Property Custodian and GARCIA was turned over to Homeland Security Investigations Agents.

16. Several items were seized from GARCIA by CBPOs including the **Target Devices**. CBPO Pelayo stated that all three **Target Devices** were found on the NISSANS rear seat. GARCIA claimed ownership of the **Target Devices**.

16. HSI Special Agent Arturo Becerra and I were contacted following the discovery of the U.S. Currency to conduct further investigation and to interview GARCIA. After advising GARCIA of his Miranda warnings, GARCIA invoked his rights requesting to speak with an attorney. Following our investigation we took GARCIA into custody for violating Title 31 United States Code Section 5332, Bulk Cash Smuggling into or out of the United States and also took custody of the **Target Devices** from the CBPO's. GARCIA was charged in case number 18MJ8078-PCL and initially appeared in court on January 16, 2017. The case is now set for Arraignment on February 13, 2018.

17. Based upon my experience and investigation in this case, there is probable cause to believe that GARCIA, as well as other persons currently unknown, were involved in an ongoing conspiracy to export and transport US Currency out of the United States without declaring. Based on my training, education and experience I believe there exists probable cause to believe that GARCIA used the **Target Devices** to coordinate with coconspirators regarding the exportation of US Currency, and to otherwise further this conspiracy both inside and outside of the United States. There is also probable cause to believe that recent calls made and received, telephone numbers, contact names, electronic mail (e-mail) addresses, appointment dates, text messages, pictures and other digital information are stored in the memory of the **Target Devices**, which may identify other persons involved in bulk cash smuggling or money laundering. Accordingly, based upon my experience and training, consultation with other law enforcement officers experienced in financial investigations, and all the facts and opinions set forth in this affidavit, there is probable cause to believe that information relevant to the bulk cash smuggling activities of GARCIA, such as telephone numbers, made and received calls, contact names, electronic mail (e-mail) addresses, appointment dates, messages, pictures and other digital

information are stored in the memory of the **Target Devices**.

## METHODOLOGY

18. It is not possible to determine, merely by knowing the cellular/mobile telephone's make, model and serial number, the nature and types of services to which the device is subscribed and the nature of the data stored on the device. Cellular/mobile devices today can be simple cellular telephones and text message devices, can include cameras, can serve as personal digital assistants and have functions such as calendars and full address books and can be mini-computers allowing for electronic mail services, web services and rudimentary word processing. An increasing number of cellular/mobile service providers now allow for their subscribers to access their device over the internet and remotely destroy all of the data contained on the device. For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode" which disables access to the network. Unlike typical computers, many cellular/mobile telephones do not have hard drives or hard drive equivalents and store information in volatile memory within the device or in memory cards inserted into the device. Current technology provides some solutions for acquiring some of the data stored in some cellular/mobile telephone models using forensic hardware and software. Even if some of the stored information on the device may be acquired forensically, not all of the data subject to seizure may be so acquired. For devices that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to such acquisition, the examiner must inspect the device manually and record the process and the results using digital photography. This process is time and labor intensive and may take weeks or longer.

19. Following the issuance of this warrant, other law enforcement officers and I will subject the **Target Devices** to analysis. All forensic analysis of the data contained within the telephone and its memory cards will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

20. Based on the foregoing, identifying and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual

8

review, and, consequently, may take weeks or months. The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days, absent further application to this court.

## CONCLUSION

21. Based on all of the facts and circumstances described above, there is probable cause to conclude that Luis Arturo GARCIA-Retamoza used the **Target Devices** to facilitate violations of Title 31, United States Code Section 5332, Bulk Cash Smuggling into or out of the United States.

22. Because the **Target Devices** were promptly seized during the investigation of Luis Arturo GARCIA-Retamoza's smuggling activities and has been securely stored, there is probable cause to believe that evidence of illegal activities committed by Luis Arturo GARCIA-Retamoza continues to exist on the **Target Devices**. Based on the above facts and my training and experience, there is probable cause to believe that evidence of violations of Title 31, United States Code Section 5332, Bulk Cash Smuggling into or out of the United States United States Code, will be found.

23. WHEREFORE, I request that the court issue a warrant authorizing law enforcement agents and/or other federal and state law enforcement officers to search the items described in Attachment A, and the seizure of items listed in Attachment B, using the methodology described above.

I swear the foregoing is true and correct to the best of my knowledge and belief.

*[signature]*
Andre Parisella
HSI Special Agent

Subscribed and sworn to before me this 8th day of February, 2018.

*[signature]*
The Honorable Peter C. Lewis
United States Magistrate Judge